IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

 





NO. WR-62,188-01








EX PARTE BILLY JOE COOPER, JR.
, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER C-372-007228-0868810-A IN THE 372ND 

JUDICIAL DISTRICT COURT TARRANT COUNTY



 


 Per curiam. 


O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Pursuant to a plea agreement with the State, Applicant was convicted of the felony
offenses of possession with intent to deliver a controlled substance of 400 grams or more,
namely cocaine, and possession with intent to deliver a controlled substance of four grams
or more but less than 200 grams, namely heroin. Applicant was sentenced to concurrent
terms of imprisonment for twenty-five years. Applicant did not appeal the convictions.

 In his application, Applicant claims that his trial counsel provided ineffective
assistance and that he was denied due process. Specifically, Applicant alleges that his trial
attorney was ineffective because counsel provided erroneous information concerning
Applicant's motion for discovery, motion in limine, and motion to suppress evidence due to
an unlawful search and seizure. Applicant claims that counsel informed him that all pretrial
motions had been heard and denied when they had not and that counsel failed to secure ruling
on the pretrial motions, which could be appealed from a guilty plea. Consequently, Applicant
claims that he was also denied due process because of counsel's ineffective assistance in
failing to present pretrial motions that could be appealed.

 After a review of the record and trial counsel's affidavits that address these issues, we
find that the supplemental order entered by the trial court, which adopts the State's First
Supplemental Proposed Memorandum, Findings of Fact and Conclusions of Law, is
supported by the record and is correct. Applicant did not receive ineffective assistance and
was not denied due process of law. The findings of the supplemental order are adopted by
this Court. This application should be and therefore is DENIED on the findings of the trial
court without a hearing.


DELIVERED: SEPTEMBER 20, 2006

DO NOT PUBLISH